IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION
CASE NO.: 5:21-cv-00176-JSM-PRL

MICHAEL LAURATO, individually,
and LAMANCHA THOROUGHBREDS,
LLC, a Florida Limited Liability Company,

    Plaintiffs,

v.

GREAT AMERICAN INSURANCE
COMPANY,

    Defendant.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, MICHAEL LAURATO, individually, and LAMANCHA THOROUGHBREDS, LLC, a Florida Limited Liability Company (collectively "Plaintiffs"), by and through undersigned counsel, sue Defendant, GREAT AMERICAN INSURANCE COMPANY ("GAIC"), and allege:

## PARTIES, JURISDICTION, AND VENUE

1. This is an action for breach of contract, and declaratory judgment pursuant to 28 U.S.C. §2201 *et seq.*, relating to the rights and obligations of the parties to an insurance contract which arise out of the adjustment of a property damage insurance claim.

2. Plaintiff MICHAEL LAURATO ("LAURATO") is a citizen of the State of Florida.

3. Plaintiff LAMANCHA THOROUGHBREDS, LLC ("LAMANCHA") is a Florida Limited Liability Company whose sole member is LAURATO, a citizen of the State of Florida.

4. Defendant GAIC is a citizen of the State of Ohio with its principal place of business in the State of Ohio. At all times material, GAIC was and is an insurance company authorized to do business in the Florida and writing insurance policies throughout Florida, including Marion County.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a), because the matter in controversy exceeds $75,000.00, exclusive of interest, costs, and attorneys' fees; the economic impact upon the parties of the declaration sought by Plaintiffs exceeds $75,000.00, exclusive of interest, costs, and attorneys' fees; and the action is between citizens of different states.

6. Venue is proper pursuant to 28 U.S.C. §1391(a)(2), because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in the Middle District of Florida.

**GENERAL ALLEGATIONS**

7. LAURATO is the owner of commercial real property located at 1855 SW 97th Place, Ocala, Marion County, Florida 34476 (the "Property").

8. LAMANCHA is the owner of an agribusiness operated at the Property.

9. In consideration for premiums paid by Plaintiffs, GAIC executed and delivered in Marion County, Florida, a renewal of the Agripak Farm and Ranch insurance policy for the Property bearing Policy No. APK4297311-02 (the "Policy"),

with effective dates of June 16, 2017 through June 16, 2018. A certified copy of the Policy is attached as Exhibit "1."

10. Pursuant to the terms of the Policy, loss settlement is to be determined on a replacement cost basis.

11. On or about September 10, 2017, while the Policy was in full force and effect, there was a direct physical loss to the Property caused by windstorm, specifically, Hurricane Irma.

12. Plaintiffs timely notified GAIC of the loss, and allowed GAIC to inspect the Property, and otherwise fully complied with the terms and conditions of the Policy.

13. GAIC assigned claim number A00121321 and sent a field adjuster to inspect the Property and determine the amount of the loss.

14. GAIC thereafter acknowledged in writing that the Plaintiffs' claim constituted a covered loss under the Policy, and made payments totaling $27,945.67 for damages under Coverage A "Dwellings"; Coverage B "Other Structures"; Coverage C "Household Personal Property"; Coverage G "Barn/Apartment"; and "Extra Expense Limit of Coverage."

15. Due to the severity of the loss, Plaintiffs elicited bids from contractors to perform the remediation of the Property in an effort to restore the Property to its pre-loss condition.

16. On or about May 23, 2019, Plaintiffs notified GAIC in writing that its adjustment of the loss was grossly insufficient and furnished GAIC with a Xactimate damage assessment prepared by Triad Construction & Management Services which

estimated Plaintiffs' loss to be $165,108.31 under Coverage A "Dwellings" and Coverage B "Other Structures." A true and correct copy of the May 23, 2019 letter is attached as Exhibit "2."

17. On or about June 3, 2019, GAIC acknowledged receipt of Plaintiffs' May 23, 2019 letter, and in furtherance of its adjustment and evaluation of Plaintiffs' loss, GAIC requested that Plaintiffs submit a sworn statement in proof of loss and documentation in support of the claim. A true and correct copy of the June 3, 2019 letter is attached as Exhibit "3."

18. On or about September 12, 2019, Plaintiffs submitted an executed sworn statement in proof of loss describing the universe of damages under the Policy that Plaintiffs have suffered as a direct result of Hurricane Irma, including for loss of use and damage to farm personal property, for which the Policy provided coverage under Coverage D "Loss of Use" and Coverage E "Scheduled Farm Personal Property." Further in compliance with GAIC's request and Plaintiffs' post-loss duties, Plaintiffs submitted documentation in support of the claim. A true and correct copy of the September 12, 2019 letter is attached as Exhibit "4."

19. On or about October 23, 2019, GAIC notified Plaintiffs in writing of its request that Plaintiffs participate in an Examination Under Oath ("EUO"). A true and correct copy of the October 23, 2019 letter is attached as Exhibit "5."

20. On or about December 3, 2019, in compliance with GAIC's request and Plaintiffs' post-loss duties, Plaintiffs participated in the EUO.

21. Thereafter, Plaintiffs participated in telephonic communications and exchanged written communications with GAIC, further complying with Plaintiffs' post-loss duties in furtherance of GAIC's continued investigation and evaluation of the Plaintiffs' loss.

22. On or about January 20, 2020, GAIC issued Plaintiffs an undisputed supplemental payment in the amount of $2,561.99. A true and correct copy of the January 20, 2020 letter is attached as Exhibit "6."

23. On or about April 13, 2020, despite its prior acknowledgement that Plaintiffs suffered a covered loss caused by Hurricane Irma, GAIC disclaimed coverage for Plaintiffs' claim and voided the Policy, contending that Plaintiffs violated the "concealment, misrepresentation, and fraud provision" of the Policy. A true and correct copy of the April 13, 2020 letter is attached as Exhibit "7."

24. As grounds for disclaiming coverage for Plaintiffs' Hurricane Irma claim and for voiding the Policy, GAIC alleges that Plaintiffs' Hurricane Irma loss includes damages Plaintiffs suffered from a prior hurricane loss.[1] Specifically, GAIC alleges that it previously indemnified Plaintiffs for roof damage suffered from Hurricane Hermine.

25. The April 13, 2020 letter stated, in pertinent part:

> On December 3, 2019, counsel for GAIG conducted your EUO. As required in the Policy, you provided a copy of your signed EUO transcript to GAIG on January 10, 2020. Your EUO testimony evidences that there is a significant and unexplained overlap of the Hurricane Hermine claim

---
[1] In 2016, Plaintiffs suffered a Hurricane Hermine loss to the Property.

5

and the Hurricane Irma Claim. In fact, your testimony and the documentation submitted evidences that identical damage is being claimed in your Hurricane Irma Claim as were previously demanded and awarded in your Hurricane Hermine claim. Finally, you received an appraisal award for the Hurricane Hermine claim on September 16, 2017 for $115,028.85 ACV basis for replacement ($125,138.25 RC basis), which included full replacement of the roof. However, at your EUO, you advised that you had still not replaced the roof.

**Bases for Disclaimer of Coverage**

Your Policy provides coverage for loss or damage to Covered Property, except for losses resulting from concealment, misrepresentation and fraud. My review of the investigation reveals that the Policy must be voided due to your violation of the "concealment, misrepresentation and fraud provision." See Appendix A, attached for the applicable Policy language.

**Conclusion**

For the reasons cited in this letter, your Policy has been voided. In specifying the above lack of coverage for this claim, I do not intend to waive, but rather, specifically reserve all of GAIG's rights, including other defenses that may be applicable to this claim. This determination is based on information available to me. While I have attempted to address all of the coverage considerations related to this claim, I, on behalf of GAIG, specifically reserve all rights under applicable law and the Policy to review any further information you feel may have a bearing on coverage. This letter should in no way be construed as a waiver of estoppel of any possible coverage defenses afforded by the Policy GAIG has with you, nor does it waive any of your rights under the Policy.

Should you possess any information, which you believe would be pertinent to this claim determination, I ask that you forward it to me immediately for review and consideration.

26. The factual dispute between Plaintiffs and GAIC relating to alleged overlapping Hurricane Hermine and Hurricane Irma claims is inextricably intertwined with a dispute as to the amount of loss, and the factual record does not provide GAIC with any bona fide basis to invoke the "fraud, misrepresentation and concealment" provision of the Policy so as to vitiate coverage.

6

27. As noted in paragraph 25 above, GAIC's disclaimer of coverage is staked on its unilaterally determined factual conclusion that Plaintiffs' instant Hurricane Irma claim for roof damage overlaps with previously indemnified roof damage, which was "still not replaced." In fact, LAURATO apprised GAIC at the EUO that Plaintiffs completed significant roof repairs subsequent to Hurricane Hermine and that despite these repairs, the roof suffered additional damage during Hurricane Irma.

28. Neither the Policy nor Florida law requires that an insured apply insurance proceeds from a property loss to replacement, rather than repair, of the damaged property, as a condition precedent for recovery on a subsequent claim for damage to the same property. Trinidad v. Fla. Peninsula Ins. Co., 121 So.3d 433, 438 (Fla. 2013) ("a [replacement cost policy] does not prohibit repairing the damaged property").

29. GAIC vitiated the Policy and refused to indemnify these additional repairs without alleging one particularized fraudulent misrepresentation or concealment; rather, GAIC's letter disclaiming coverage only describes an alleged exaggeration of the scope of roof damage, which is not grounds for the assertion of "fraud, misrepresentation and concealment" under the Policy.

30. Apart from the claimed roof damage which GAIC has singled out to support its disclaimer of coverage based on Plaintiffs' alleged exaggeration of the amount of roof damage, Plaintiffs have suffered a wide-range of additional Hurricane Irma damages for which GAIC has failed to articulate a cognizable basis for its non-payment or underpayment.

31. On or about April 20, 2020, in response to GAIC's denial of Plaintiffs' claim, Plaintiffs made written demand for appraisal of the wind damage caused by Hurricane Irma pursuant to Policy Condition E.2., Appraisal. A true and correct copy of the April 20, 2020 letter is attached as Exhibit "8."

32. On or about May 20, 2020, in response to Plaintiffs' demand for appraisal, GAIC notified Plaintiffs in writing that it was rejecting Plaintiffs' demand for appraisal, based on Plaintiffs' alleged violation of the "concealment, misrepresentation, and fraud" provision of the Policy and its corresponding disclaimer of coverage for Plaintiffs' claim. A true and correct copy of the May 20, 2020 letter is attached as Exhibit "9."

33. The Loss Conditions of the Policy at Section 2., *Appraisal*, provide, in pertinent part:

> 2. Mediation or Appraisal.
>
> **If we and you:**
>
> **b. Disagree on the value of the property or the amount of loss, either may request an appraisal of the loss, in writing. In this event, each party will select a competent and impartial appraiser.** The two appraisers will select an umpire. If they cannot agree, either may request that selection will be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> (1) Pay its chosen appraiser; and
>
> (2) Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

> However, you are not required to submit to, or participate in, any appraisal of the loss as a precondition to action against us for failure to pay the loss, if we:
>
> a. Requested mediation and either party rejected the mediation result; or
>
> b. Failed to notify you of your right to participate in the mediation program.

(Emphasis added).

34. The GENERAL CONDITIONS Section of the Policy provides, in pertinent part:

> 1. **Concealment, Misrepresentation Or Fraud**
>
>    This insurance is void in any case of fraud by you as it relates to this insurance at any time. It is also void if you or any other "Insured," at any time, conceal or misrepresent a material fact concerning:
>
>    a. This insurance;
>
>    b. The Covered Property;
>
>    c. Your interest in the Covered Property; or
>
>    d. A claim under this insurance.

35. "Causation is a coverage question for the court when an insurer wholly denies that there is a covered loss and an amount-of-loss question for the appraisal panel when an insurer admits a covered loss, but the amount is disputed." Johnson v. Nationwide Mut. Ins. Co., 828 So. 2d 1021 (Fla. 2002).

36. Where, as here, an insurer initially conceded coverage but then claimed fraud and vitiated the policy prior to the insured's demand for appraisal based on the

insurer's disagreement with the insured's alleged overstated estimate of its loss, the court is permitted to allow the appraisal of the insured's loss and the determination of coverage to move forward on a dual-track basis because the appraisal panel will make factual determinations that will assist the court in adjudication of the coverage issues. Villagio at Estero Condo. Ass'n, Inc. v. American Capital Assurance Corp., Case No. 2D20-1414, 2021 WL 1432160, at *3 (Fla. 2d DCA Apr. 16, 2021).

37. GAIC initially extended coverage for Plaintiffs' entire loss and subsequently disclaimed coverage based on its unliteral determination that Plaintiffs violated the "fraud, misrepresentation and concealment" provision of the Policy. GAIC's vitiation of coverage was devoid of any supporting allegation of a material misrepresentation, concealment, or fraud, and as such, Plaintiffs are obligated to invoke the jurisdiction of this Court to determine their rights under the Policy.

38. Because GAIC has unequivocally demonstrated its refusal to appraise all of the Hurricane Irma damages sustained by Plaintiffs, Plaintiffs are obligated to invoke the jurisdiction of this Court to determine their rights under the Policy.

## COUNT I

## DECLARATORY RELIEF TO DECLARE COVERAGE

39. Plaintiffs reallege paragraphs 1 through 38 as paragraph 39.

40. This is an action pursuant to 28 U.S.C. §2201 *et seq.*, for declaratory judgment to construe the actions of Defendant, and to establish the rights of Plaintiffs and obligations of Defendant under the Policy.

41. Issues of coverage provided by insurance policies and duties imposed through Florida common and statutory law are proper issues for courts to resolve with a declaratory judgment and thus jurisdiction over the subject matter is appropriate with this Court.

42. GAIC has disclaimed coverage by conflating a bona fide dispute as to amount of loss with an entirely unsupportable allegation of "fraud, misrepresentation and concealment" as to one item of damage (the roof) for the unlawful purpose of avoiding payment or underpaying on Plaintiffs' claimed Hurricane Irma loss.

43. GAIC has effectively eviscerated Plaintiffs' insurable interest in the Property by imposing the requirement of replacing previously damaged property as a condition precedent to recovery under the Policy, which requirement does not exist pursuant to the insurance contract between the parties or as a matter of Florida law.

44. Under the facts alleged herein, there is a continuing controversy between Plaintiffs and GAIC, whose legal interests are adverse.

45. In the absence of declaration that coverage exists under the Policy for Plaintiffs' entire loss, there is a substantial likelihood that Plaintiffs will suffer injury in the future.

46. This controversy is real and immediate, and not conjectural, hypothetical, or contingent.

47. Because GAIC has improperly disclaimed coverage, Plaintiffs have been obligated to retain undersigned counsel to bring this action and are entitled to recover reasonable attorneys' fees pursuant to §627.428, Fla. Stat.

**WHEREFORE**, Plaintiffs respectfully request that this Court declare the parties' rights, duties, and responsibilities in this action, including, specific declarations:

A. Finding that this Court has jurisdiction over the respective parties and the subject matter;

B. Finding that the facts and circumstances giving rise to Plaintiffs' claims constitute a covered loss under the Policy;

C. Finding that GAIC's prior payments for Plaintiffs' Hurricane Irma loss are tantamount to GAIC's confession that Plaintiffs suffered a covered loss under the Policy, and that GAIC's disclaimers of coverage thereafter are deemed waived;

D. Finding that any overlap between Plaintiffs' Hurricane Irma claims and prior Hurricane Hermine claims invokes a question of amount of loss, and does not constitute a sufficient factual or legal basis for GAIC to disclaim coverage based on the "fraud, misrepresentation and concealment" provision of the Policy;

E. Finding that Plaintiffs have not forfeited their insurable interest in the Property, or in any portion thereof, by repairing rather than replacing property damage from a prior loss;

F. Finding that to the extent that GAIC's vitiation of coverage is valid, GAIC is required to return the prorated unused portion of the premium paid for the Policy;

G. Awarding prejudgment and post judgment interest to Plaintiffs in accordance with applicable substantive Florida law and the facts of this case; and

H. Reserving adjudication of Plaintiffs' entitlement to an award of reasonable attorneys' fees and costs pursuant to §§627.428 and 57.041, Fla. Stat., and Fed. R. Civ. P. 54 and 28 U.S.C. §1920.

## COUNT II

## DECLARATORY RELIEF TO COMPEL APPRAISAL

48. Plaintiffs reallege paragraphs 1 through 38 as paragraph 48.

49. This is an action pursuant to 28 U.S.C. §2201 *et seq.*, for declaratory judgment to construe the actions of Defendant, and to establish the rights of Plaintiffs and obligations of Defendant under the Policy, and to establish whether GAIC should be compelled to participate in appraisal with the appraisal panel setting an appraised valuation for all of the Hurricane Irma damages sustained by Plaintiffs, including the damages which GAIC contends are disallowed due to Plaintiffs' alleged violation of the "concealment, misrepresentation, and fraud provision" of the Policy.

50. Pursuant to the recent holding of Villagio, *supra*, this Court is vested with the authority to allow appraisal to go forward on a dual-track basis and reserve ruling on the coverage dispute pending a resolution of the factual issues regarding the scope of damage to the roof by a duly-appointed appraisal panel.

51. GAIC has the burden to prove its coverage defenses, including the alleged defense of fraud. Under Florida law, the appraisal panel is fully empowered to determine whether roof damage which Plaintiffs allege was caused by Hurricane Irma, was caused, in whole or in part, by Hurricane Hermine. GAIC should not be

permitted to eviscerate Plaintiffs' right to a full and fair adjustment of their claim by virtue of GAIC's *ipse dixit* conclusory declaration of "fraud."

52. GAIC's vitiation of the Policy should be disregarded by the Court in the absence of any determination by the trier of fact that Plaintiffs have violated the "fraud, misrepresentation or concealment" provision of the Policy, and this Court should thus permit the appraisal to go forward so that the appraisal panel can make factual determinations which can ultimately assist the Court in determining whether GAIC may be permitted to vitiate coverage for this claim.

53. Under the facts alleged herein, there is a continuing controversy between Plaintiffs and GAIC, whose legal interests are adverse.

54. In the absence of a declaration compelling GAIC to participate in the appraisal according to the Policy at Section 2., *Appraisal*, there is a substantial likelihood that Plaintiffs will suffer injury in the future.

55. This controversy is real and immediate, and not conjectural, hypothetical, or contingent.

56. Because GAIC has improperly denied Plaintiffs' demand for the appraisal, Plaintiffs have been obligated to retain undersigned counsel to bring this action and are entitled to recover reasonable attorneys' fees pursuant to §627.428, Fla. Stat.

**WHEREFORE**, Plaintiffs respectfully request that this Court declare the parties' rights, duties, and responsibilities in this action, including, specific declarations:

A. Compelling GAIC to participate in the appraisal according to the Policy at Section 2., *Appraisal*;

B. Ordering the appraisal panel to provide a valuation of all damages suffered by Plaintiffs as a result of Hurricane Irma, taking into consideration the factual issues regarding alleged overlap of damages between Plaintiffs' Hurricane Irma claim and Plaintiffs' prior Hurricane Hermine claim; and

C. Reserving adjudication of Plaintiffs' entitlement to an award of reasonable attorneys' fees and costs pursuant to §§627.428, 92.231 and 57.041, Fla. Stat., and Fed. R. Civ. P. 54 and 28 U.S.C. §1920.

## COUNT III

## BREACH OF CONTRACT

57. Plaintiffs reallege paragraphs 1 through 38 as paragraph 57.

58. At all times material, the Property was insured under the Policy for damages caused by wind.

59. On or about September 10, 2017, and while the Policy was in full force and effect, there was a direct physical loss to the Property caused by wind, specifically, Hurricane Irma.

60. Plaintiffs notified Defendant of the loss, allowed Defendant to inspect the Property, and otherwise fully complied with the terms and conditions of the Policy. Plaintiffs then demanded that Defendant honor its obligations under the Policy and pay benefits owed to Plaintiffs.

61. Defendant materially breached the contract of insurance by refusing and failing to pay all amounts due and owing to Plaintiffs for damages arising from Plaintiffs' claim as a covered loss.

62. As a direct and proximate result of the Defendant's refusal and failure to pay all of the insurance benefits due and owing under the Policy, Plaintiffs have suffered damages including, but not limited to, costs of repairing and/or replacing physically damaged portions of the Property, repairing and/or replacing physically damaged farm machinery, loss of use, costs of debris removal, and other elements of damages as recoverable under the Policy.

63. All conditions precedent to this action have been met, waived, or are excused.

64. In addition to the damages stated herein, Plaintiffs are also entitled to interest from the date of loss, reasonable attorneys' fees pursuant to §627.428, Fla. Stat., and costs pursuant to applicable law.

WHEREFORE, Plaintiffs pray for a judgment in their favor and against Defendant that includes damages in excess of $75,000.00, interest from the date of loss, reasonable attorneys' fees and costs.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Chaim Zev Fellig*
Levine & Fellig P.A.
927 Lincoln Road, Suite 200
Miami Beach, Florida 33139
Counsel for Plaintiffs
Howard J. Levine Esq.
Fla. Bar No. 0075670
Chaim Zev Fellig, Esq.
Fla. Bar No. 1003861
Tel:   (786) 899-0002
Fax:   (305) 672-5305
zfellig@levinefelliglaw.com
hlevine@levinefelliglaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 4, 2021, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court for the United States District Court for the Middle District of Florida by using the CM/ECF system. I certify that service upon William R. Lewis, Esq. (wlewis@butler.legal); Samantha A. Satish (ssatish@butler.legal) and bbroderick@butler.legal, c/o Butler Weihmuller Katz Craig LLP, 400 N. Ashley Drive, Suite 2300, Tampa, FL 33602 will be accomplished by the CM/ECF system.

*/s/ Chaim Zev Fellig*